UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20391-CV-BLOOM
MAGISTRATE JUDGE REID

GAYNETT POWELL,

    Plaintiff,

v.

DR. BERMUDER, *et al.*,

    Defendants.
_____/

**REPORT OF MAGISTRATE JUDGE RE:
PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF**
**[ECF No. 7]**

**I. Introduction and Pertinent Procedural History**

Plaintiff, **Gaynett Powell,** a convicted felon, has filed a motion for temporary restraining order and preliminary injunctive relief [ECF No. 7] with supporting declaration [ECF No. 8]. In the motion, Plaintiff seeks an order from this court requiring the Northwest Florida Reception Center ("NWRC"), his current facility of confinement, to allow him "meaningful access to the law library" so that he can properly prosecute this civil rights action. [ECF No. 7 at 2; ECF No. 8 at 1]. For the reasons discussed below, Plaintiff's motion should be DENIED.

1

## II. Standard of Review

When ruling on a motion for temporary restraining order, the party seeking relief must demonstrate the following four factors:

1. a substantial likelihood that he will prevail on the merits;

2. a substantial threat that he will suffer irreparable injury if the injunction is not granted;

3. the threatened injury outweighs the potential harm the injunction may do to the defendant; and,

4. the public interest will not be impaired if the injunction is granted.

*See Long v. Sec'y, Dep't of Corr.,* 924 F.3d 1171, 1176 (11th Cir. 2019)(citations omitted)(addressing the denial of a temporary restraining order for stay of execution); *Alabama v. U.S. Army Corps of Eng'r,* 424 F.3d 1117, 1128 (11th Cir. 2005)(describing the general standards for injunctive relief).

Injunctions are an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. *LSSI Data Corp. v. Comcast Phone, LLC,* 696 F.3d 1114, 1119 (11th Cir. 2012). Generally, federal courts may enjoin only the parties to the underlying action pursuant to Fed. R. Civ. P. 65(d)(2). In some instances, however, federal courts retain the authority to enjoin nonparties. *See* Fed. R. Civ. P. 65(d)(2) (requiring that the contents of an injunctive order bind either the parties; their

officers, agents, servants, employees, and attorneys; or other persons who are in active concert or participation with anyone described in Fed. R. Civ. P. 65(d)(2)(A) or (B)); *ADT LLC v. NorthStar Alarm Servs., LLC,* 853 F.3d 1348, 1351-52 (11th Cir. 2017).

A preliminary injunction serves "to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *See Powers v. Fla. Dep't of Corr.,* 691 F. App'x 581, 583 (11th Cir. May 31, 2017)(*per curiam*)(unpub.)(quoting *Northeastern Fla. Chapter of Ass'n Gen. Contractors of Am. v. City of Jack.*, 896 F.2d 1283, 1284 (11th Cir. 1990)). However, "mandatory preliminary relief, which goes beyond simply maintaining the status quo[,] is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *See Powers,* 691 F. App'x at 583 (quoting *Martinez v. Mathews,* 544 F.2d 1233, 1243 (5th Cir. 1976)).

### III. Discussion

In support of his motion, Plaintiff argues that he is currently in "close management" on a disciplinary report charging him with "false spoken threat." [ECF No. 8 at 1-2]. He maintains his close management status prevents him from having access to the law library. [*Id.* at 2]. He concedes, however, that on February 5, 2020, after he obtained authorization from his dorm officer, he went to the law library

where he "completed" a "legal deadline" and provided the filing to an inmate law clerk. [*Id.* at 2]. When he inquired as to the status of the filing, the law clerk advised that his call-out request had been denied because Plaintiff did not "have a deadline," and only wanted to "work on other people['s] cases, write grievances, and that the people on top do not want me [Plaintiff] in the library." [*Id.*]. Plaintiff maintains he is being irreparably harmed because he is unable to meet the filing deadlines imposed by the court. [*Id.*]. He claims that NWRC officials are denying him access to the law library which is preventing him from meeting court deadlines in this civil rights action. [*Id.*].

Regarding the access-to-courts allegations, the First Amendment to the United States Constitution guarantees prisoners a meaningful right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350 (1996)(citing *Bounds v. Smith,* 430 U.S. 817, 821 (1977)); *Barbour v. Haley,* 471 F.3d 1222, 1225 (11th Cir. 2006)(citing *Bounds,* 430 F.3d at 821). "The fundamental right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds,* 430 U.S. at 828. Such a claim requires Plaintiff to show that "a prison official's actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or

4

dismissal of a direct criminal appeal, habeas petition, or civil rights case." *Al-Amin v. Smith,* 511 F.3d 1317, 1332-33 (11th Cir. 2008).

Plaintiff suggests his status in close management and his denial of access to the law library is preventing him from meeting deadlines in this and prior cases. The dismissal of his prior filings does not establish an actual injury in fact sufficient to show denial of access to the courts in this present case. *See Juiffre v. Broward Sheriff's Office,* 717 F. App'x 886, 888-89 (11th Cir. 2017)(per curiam).

Regarding this present case, it is still in the initial, screening phase. Plaintiff has been ordered to amend his complaint. [ECF No. 6]. The court's thirteen-page order identifies the legal deficiencies in Plaintiff's current filing, and provides him with an appropriate civil rights complaint form, instructing Plaintiff to file an amended curing the deficiencies identified by the court. [*Id.*]. At this juncture, Plaintiff cannot demonstrate he has been negatively affected by the purported denial of access to the law library by prison officials.

In fact, review of the court's docket reveals Plaintiff has been able to properly respond to this court's prior orders, including the order requiring the filing of a proper *in forma pauperis* application, which he did, resulting in an order granting him pauper status. [ECF Nos. 4, 12, 14]. Further, he filed a motion for extension of time to comply with the filing of the amended complaint, which was granted by the

5

court, giving him until March 24, 2020, to comply with the court's order. [ECF Nos. 9, 10]. Rather than do so, he has sought reconsideration, which has been denied [ECF Nos. 11, 13], and has also filed this motion for temporary restraining order. To the extent that the Plaintiff was denied access to the law library because he did not have a legal deadline, the February 24, 2020, order granting his motion to file an amended complaint has established a legal deadline in his case.

In addition, Plaintiff provides only broad, conclusory statements and fails to identify how his lack of access to the law library is preventing him from complying with this court's orders, much less an actual injury arising therefrom. *See Cline v. Tower,* 434 F. App'x 823, 824 (11th Cir. 2011).

It is well settled that "generalized allegations of systemic denial of access is insufficient to state a claim without tying the denial to an actual injury." *Cline,* 434 F. App'x at 826 (citations omitted). Thus, a prisoner must show an actual injury resulting from their court-access being blocked. *See Miller v. John Doe,* 550 F. App'x 722, 723 (11th Cir. Apr. 7, 2015)(*per curiam*)(unpub.)(citing *Chandler v. Baird,* 926 F.2d 1057, 1063 (11th Cir. 1991)). Plaintiff has failed to show an actual injury. *See Chandler,* 926 F.2d at 1062.

There is no evidence in this case that Plaintiff has been unable to comply with this court's orders even while in close management. *See Juiffre,* 717 F. App'x at

6

888-89 (finding a policy requiring inmates to request up to four cases per week by providing exact citations and not allowing access to a physical law library was not sufficient to establish a denial of access to courts absent a showing of actual injury). Since there is no evidence of an injury-in-fact, *see Barbour v. Haley,* 471 F.3d 1222, 1225 (11th Cir. 2006), there is no threat of irreparable injury. *See Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jack.*, 896 F.2d 1283, 1285 (11th Cir. 1990)(defining irreparable injury as "neither remote nor speculative, but actual and imminent."). Because Plaintiff has failed to carry his burden of showing entitlement to preliminary or injunctive relief, this motion should be DENIED.

Under the circumstances, the court need not address whether the threatened injury to Plaintiff outweighs the potential harm or whether the public interest will not be impaired if the injunction is granted. *See LSSI Data Corp.,* 696 F.3d at 1119 (placing burden of persuasion on moving party).

### IV. Conclusion

It is, therefore, recommended that Plaintiff's motion for temporary restraining order and preliminary injunctive relief [ECF No. 7] be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in

this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 16th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Gaynett Powell, *Pro Se*
DC#L07899
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428