UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20391-BLOOM/Reid

GAYNETT POWELL,

    Plaintiff,
v.

DOCTOR BERMUDEZ, of Dade
Correctional Institution, *et al.*,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Objection to Magistrate Judge's Order, ECF No. [19] ("Objections"), filed on April 21, 2020, which objects to the Honorable Lisette M. Reid's *Sua Sponte* Order Requiring Final, Amended Civil Rights Complaint – 42 U.S.C. § 1983, ECF No. [6] ("Order to Amend"), and her paperless order denying Plaintiff's Motion for Reconsideration of the Order to Amend, ECF No. [13] (paperless order); *see also* ECF No. [11] (Plaintiff's Motion for Reconsideration), (collectively, "Orders"). This Court has conducted a *de novo* review of Judge Reid's Orders, the record in this case, and the applicable law, and is otherwise fully advised. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Plaintiff's Objections to be both untimely and without merit. Therefore, the Objections are overruled.

Plaintiff initiated the instant 42 U.S.C. § 1983 action on January 23, 2020. ECF No. [2] ("Complaint").[1] On January 31, 2020, Judge Reid issued the Order to Amend, which struck the

---

[1] The Court of Appeals for the Eleventh Circuit has recognized "the prison mailbox rule, under which 'a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.'" *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). Under this prison mailbox rule, courts should assume, "[a]bsent evidence to

initial Complaint for its numerous pleading deficiencies, provided detailed instructions as to proper pleading requirements, and ordered that Plaintiff file an Amended Complaint to cure the deficiencies in his initial Complaint by February 20, 2020. ECF No. [6]. In particular, the Order to Amend concluded that Plaintiff's Complaint failed to comply with the Federal Rules of Civil Procedure and the Southern District of Florida's Local Rules and was an impermissible shotgun pleading because it (1) failed to include factual allegations as to certain named defendants and failed to provide facts linking specific defendants to particular claims, (2) failed to utilize the proper § 1983 form complaint, (3) attached an unexecuted document with "supporting facts" that was not signed and executed under penalty of perjury, (4) recounted vague, unsupported facts, conclusory statements, and legal conclusions, (5) failed to correlate specific defendants' conduct to the constitutional violations alleged, (6) did not clearly specify how each of the fifteen named defendants' conduct arose out of the same transaction or occurrence or their commonality, and (7) did not set forth each specific claim against a particular defendant in separate, numbered paragraphs with supporting facts as to each specific defendants' conduct. *Id.* Further, the Order to Amend warned Plaintiff that the failure to comply with the pleading directives would result in the imposition of the appropriate sanctions, including dismissal. *Id.* at 10-12.

On February 10, 2020, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. [7] ("TRO Motion"), and supporting affidavit, ECF No. [8], regarding his alleged denial of access to the law library and his resulting inability to comply or respond to the Order to Amend. Then, on February 17, 2020, Plaintiff moved for an extension of time within which to file an Amended Complaint, explaining in relevant part that he did not receive the Order to Amend until February 10, 2020. ECF No. [9]. The Court issued a paperless

---

the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

order granting the motion on the same day and ordered that Plaintiff file his "final amended complaint, on the proper form previously provided," on or before March 24, 2020. ECF No. [10]. The Court also cautioned Plaintiff that

> no further extensions will be entertained absent extraordinary circumstances which may require a show cause hearing. Plaintiff is further instructed that, in accordance with the mailbox rule, he is to ensure that he prepares, signs, and hands his documents for filing with sufficient time so that it reaches the court on or before the scheduled due date. He is reminded to comply with the court's instructions regarding the proper filing of the amended complaint . . . as set forth in the court's prior orders. Finally, Plaintiff is reminded that failure to comply with the court's orders may result in dismissal of this action.

*Id.* On February 26, 2020,[2] Plaintiff filed a Motion for Reconsideration, ECF No. [11], of the Order to Amend, which the Court paperlessly denied on March 3, 2020, ECF No. [13], reminding Plaintiff that "he is to utilize the civil rights form provided and that his amended complaint is due on or before March 24, 2020. Failure to comply with this court's order may result in dismissal of this action." *Id.*

Additionally, on March 20, 2020, Plaintiff filed another motion for extension of time to file any objections to the Orders and to file an Amended Complaint due to his ongoing denial of access to the law library, ECF No. [16], which the Court granted in part and denied in part on March 27, 2020, extending only the deadline for Plaintiff file his objections until April 6, 2020, ECF No. [17].[3] Ultimately, Plaintiff failed to comply with the Court's numerous orders requiring that he file an Amended Complaint curing the pleading deficiencies by March 24, 2020.

---

[2] Despite being signed on February 20, 2020, the Motion for Reconsideration reflects that it was delivered to the prison authorities on February 26, 2020. *See* ECF No. [11] at 1 (reflecting stamp of receipt with Plaintiff's initials).

[3] The March 20, 2020, motion for extension of time was inadvertently docketed as seeking an extension of time to file objections to the Report of Magistrate Judge Re: Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief, ECF No. [15] ("Report"), which recommended that the TRO Motion be denied. *See* ECF No. [16] (docket text). However, the motion itself indicates that the extension sought was regarding the deadline to file objections to the Orders and the deadline to file an

Moreover, on April 8, 2020, after Plaintiff's extended April 6, 2020, deadline passed without the timely submission of any objections, the Court adopted Judge Reid's Report on Plaintiff's TRO Motion, ECF No. [15], denied the TRO Motion, and dismissed the case due to Plaintiff's failure to comply with court orders requiring that he file an Amended Complaint. ECF No. [18].

In his Objections, Plaintiff argues that Judge Reid's Order to Amend requiring him to file an Amended Complaint to cure the initial pleading deficiencies and her subsequent paperless order denying reconsideration were clearly erroneous and contrary to law and requests that the Court permit his initial Complaint to move forward as a compliant pleading. ECF No. [19]. As an initial matter, the Court concludes that Plaintiff's Objections are untimely because they were not filed within fourteen days of receiving a copy of Judge Reid's Orders. The Order to Amend was issued on January 31, 2020, and the subsequent paperless order was issued on March 3, 2020. *See* ECF Nos. [6] & [13]. Despite his repeated filings during the course of these proceedings that acknowledged the Orders, and an extension of the deadline to object, Plaintiff failed to submit his Objections to the Orders until April 14, 2020,[4] and he has failed to provide the Court with any justification for his untimely submission. *See* ECF No. [19]; *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not *timely* objected to. The district judge in the case must consider *timely objections* and modify or set aside any part of the order that is clearly erroneous or is contrary to law." (emphasis added)). Thus, the Court deems any alleged error here to be waived. *See Thetford v. Hoover City of Graves*, 619 F. App'x 986, 987 (11th Cir. 2015) ("A party waives any issue relating to a magistrate judge's ruling in a nondispositive matter unless he appeals the ruling to the district court within 14 days of being

---

Amended Complaint. *Id.* at 1 & 3.

[4] *Cf.* ECF No. [6] at 12-13 (instructing Plaintiff regarding his obligations under the prison mailbox rule).

served with a copy of the ruling." (citing Fed. R. Civ. P. 72(a); *Smith v. School Bd. Of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007))).

Likewise, even on the merits, Plaintiff's Objections present no viable arguments that Judge Reid's Orders were clearly erroneous or contrary to law. Plaintiff's first argues that he was never notified that the pleadings he submitted in his numerous prior cases would be characterized as "strikes" under the three-strike rule of 28 U.S.C. §1915(g), as required by *Castro v. United States*, 540 U.S. 375, 382-83 (2003). Thus, he argues, these prior strikes have no bearing, force, or effect on the instant action. The Court concludes that this argument is unsupported — and, in fact, is clearly contradicted — by law.

> Congress enacted the Prison Litigation Reform Act (PLRA) to "curtail abusive prisoner litigation." [*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)]. To that end, the PLRA contains procedural safeguards that prevent prisoners from misusing the legal system.
> One of these safeguards is the early screening provision. *See* 28 U.S.C. § 1915A. This provision states that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, the court is to identify cognizable claims, or dismiss the complaint or portions that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from that relief. *Id.* § 1915A(b). A dismissal for failure to state a claim under the early screening provision is no different from a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Jones v. Bock*, 549 U.S. 199, 215-16 (2007). It is on the merits and with prejudice. *See* [*NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)].
> Another measure is the three-strikes provision. This provision states that in "no event shall a prisoner bring [an action] under the [*in forma pauperis*] section" if the prisoner has filed three or more prisoner lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). [The Eleventh Circuit has] construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began. *See Dupree*, 284 F.3d at 1236. Unlike a dismissal on the merits, though, this dismissal is without prejudice. *Id.*

*White v. Lemma*, 947 F.3d 1373, 1376-77 (11th Cir. 2020).

Indeed, the Eleventh Circuit has explicitly and repeatedly recognized that "the three strikes *in forma pauperis* provision of 28 U.S.C. § 1915(g) passes constitutional muster." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) (citing *Rivera v. Allin*, 144 F.3d 719, 721 (11th Cir. 1998)); *see also Boney v. Hickey*, No. 14-61570-CIV, 2014 WL 4103918, at *2 (S.D. Fla. Aug. 15, 2014) (explaining that *Rivera* "held that the new 'three strikes' IFP provision does not violate the First Amendment right of access to the court; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment," and collecting cases on the types of dismissals that count as "strikes").[5]

Likewise, the United States Supreme Court's *Castro* warning is inapplicable to the facts here because *Castro* concerned a court's recharacterization of a *pro se* pleading as a habeas petition without prior notice to the litigant, thus restricting the litigant's ability to file subsequent habeas petitions. *See Davis v. Olens*, No. CV416-119, 2016 WL 3034069, at *2 n.2 (S.D. Ga. May 26, 2016) (citing *Castro*, 540 U.S. at 382-83 (a court that wishes to recharacterize *pro se* litigant's pleading as a first 28 U.S.C. § 2255 motion must (1) notify the litigant of court's intent, (2) warn the litigant that this recharacterization means that any subsequent § 2255 motions will be subject to restrictions on "second or successive" motions, and (3) give the litigant the

---

[5] *See also Medberry*, 185 F.3d at 1193 n.2 (noting "that 28 U.S.C. § 1915(g) does not deny prisoners the right of access to the courts; it merely requires them to pay the filing fee immediately and in full rather than on an installment plan." (citations omitted)); *Rivera*, 144 F.3d at 723-24 ("Through the PLRA, Congress changed only the rules regarding IFP status. To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise. *See* [*Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996)]. As such, imposition of a modest filing fee on prisoners with 'three strikes' is reasonable because 'Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.' [*Roller v. Gunn*, 107 F.3d 227, 231 (4th Cir. 1997)]."); *Daker v. Dozier*, No. 5:17-cv-0025-CAR, 2017 WL 3037420, at *1 (M.D. Ga. July 18, 2017) ("Having to prepay his filing fee before the Court addresses the relative merits of [a *pro se* litigant's] claims, unless he shows he is in imminent danger of serious physical injury, does not violate Plaintiff's rights." (quoting *Daker v. Bryson*, No. 6:16-cv-57, 2017 WL 1053082, at *6 (S.D. Ga. Mar. 20, 2017))).

opportunity to withdraw motion or to amend it to include all § 2255 claims)). *Castro*'s directives therefore apply where a court intends to recharacterize a *pro se* litigant's pleading *as a petition for writ of habeas corpus*, *not* where a court dismisses a *pro se* litigant's lawsuit as frivolous, malicious, or for failure to state a claim and determines that the dismissal constitutes a strike under § 1915(g). *Castro*, 540 U.S. at 382-83. Accordingly, this objection is overruled.

The remainder of Plaintiff's Objections take issue with Judge Reid's conclusions that the claims asserted in the initial Complaint were inadequate. However, Plaintiff's arguments overlook the fact that Judge Reid struck the initial Complaint because it was an impermissible shotgun pleading that failed to comply with numerous pleading requirements without addressing the merits of the claims.

> As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:
>
> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). "All shotgun pleadings share two characteristics in common." *Dorman v. Palm Beach Cty.*, No. 19-81538-CIV, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020). First, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Second, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

"Indeed, while *pro se* complaints must be liberally construed, those complaints still must comply with the procedural rules governing the proper form of pleadings." *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Nevertheless, "the leniency afforded to *pro se* litigants does not permit them to file an impermissible 'shotgun' pleading." *Rodriguez v. Scott*, No. 18-CIV-14005, 2018 WL 9617230, at *3 (S.D. Fla. Mar. 7, 2018). "[A] district court may also dismiss an action *sua sponte*, 'as long as the procedure employed is fair.'" *Frank v. Schulson*, 782 F. App'x 917, 919 (11th Cir. 2019) (quoting *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)). "To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe*, 631 F.3d at 1336 (quotation omitted). Moreover, "[a] district court has the obligation to identify and dismiss a 'shotgun' pleading." *Jones v. Payne*, No. 18-cv-21385, 2020 WL 109058, at *1 (S.D. Fla. Jan. 8, 2020) (citing *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014)).

"When faced with a shotgun pleading, a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of her claims before dismissing her case with prejudice." *Embree*, 779 F. App'x at 662 (citing *Vibe Micro, Inc.*, 878 F.3d at 1296). "When the amended complaint still fails to cure the deficiency, it may be subject to dismissal." *Id.*; *see also Weiland*, 792 F.3d at 1320 (recognizing that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss with prejudice a complaint that is a shotgun pleading); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (Implicit in a district court's order to replead is the "notion that if the plaintiff fails to comply with the court's order . . . the court should strike his pleading or,

depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions" (quotations omitted)). "In the special circumstance of non-merits dismissals on shotgun pleading grounds, [the Eleventh Circuit has] required district courts to sua sponte allow a litigant one chance to remedy such deficiencies." *Vibe Micro, Inc.*, 878 F.3d at 1295 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006); *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (per curiam)).

Here, a review of Plaintiff's Complaint clearly confirms Judge Reid's conclusion that the pleading was an impermissible shotgun pleading. As the Order to Amend noted, Plaintiff's Complaint was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322-23, it "fail[ed] to separate into a different count each cause of action; [and it] assert[ed] multiple claims against multiple defendants without specifying which defendant is responsible for which act," *Embree*, 779 F. App'x at 662. "Although the [] complaint enumerates the legal rights of which [Plaintiff] was allegedly deprived and which principles each defendant allegedly violated, it does not separate his claims by cause of action, draw any clear lines between the legal and factual bases for his claims, or set forth the elements of any of his claims." *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019), *cert. denied*, No. 19-7709, 2020 WL 1978972 (Apr. 27, 2020). Thus, striking the Complaint as an impermissible shotgun pleading and providing Plaintiff with clear instructions on how to cure the pleading deficiencies was consistent with "the obligation to identify and dismiss a 'shotgun' pleading," and was therefore neither clearly erroneous nor contrary to law. *Jones*, 2020 WL 109058, at *1. Moreover, despite being given a second chance

at filing a proper complaint, Plaintiff chose not to do so. *See Rodriguez v. Scott*, 775 F. App'x 599, 603 (11th Cir. 2019) ("Although the district court and magistrate judge were required to liberally construe [the plaintiff's] *pro se* complaint, they were not required to 'rewrite an otherwise deficient pleading in order to sustain an action.'" (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014))), *cert. denied*, 140 S. Ct. 834 (2020).[6]

Because the Court finds that the Orders properly struck Plaintiff's Complaint on shotgun pleading grounds, it need not reach any of the issues Plaintiff raises on the merits. *See Toth*, 788 F. App'x at 691 (where the district court properly dismissed a shotgun pleading, there was no need to reach the merits issues). Therefore, Plaintiff's Objections are overruled.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, **ECF No. [19]**, are **OVERRULED**.

2. This case is **DISMISSED** for Plaintiff's failure to comply with court orders.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

---

[6] *See, e.g.*, *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("The problem for Silberman is that the district court *did* give him the opportunity to amend his complaint, which—willfully or otherwise—he squandered by refusing to do so in the (ample) time allotted."); *Rodriguez*, 775 F. App'x at 602 (explaining the failure to cure the pleading deficiencies even though "the magistrate judge gave [the plaintiff] the opportunity to fix his complaint, and even provided an eight-page roadmap detailing how to appropriately amend the complaint"); *Jones v. Fla. Dep't of Corr.*, No. 19-21700-CIV, 2019 WL 6329450, at *2 (S.D. Fla. Nov. 6, 2019) (dismissing case with prejudice for failure to prosecute and failure to comply with court orders where "Plaintiff failed to amend his complaint in the manner requested by the Court," despite being afforded ample time to follow the court's directive), *report and recommendation adopted*, No. 19-21700-CIV, 2019 WL 6324563 (S.D. Fla. Nov. 26, 2019).

Case No. 20-cv-20391-BLOOM/Reid

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette Reid

Copies to:

Gaynett Powell
L07899
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428