UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20391-BLOOM/Reid

GAYNETT POWELL,

    Plaintiff,
v.

DOCTOR BERMUDEZ, of Dade
Correctional Institution, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Gaynett Powell's ("Plaintiff") Motion for Relief from Judgment, ECF No. [22] ("Motion"), which requests that the Court relieve Plaintiff from its prior orders denying his Motion for Temporary Restraining Order and Preliminary Injunctive Relief, dismissing his 42 U.S.C. § 1983 complaint, and overruling his objections to the Honorable Judge Reid's Report and Recommendation ("R&R").[1] The Court has reviewed the Motion, all attached exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

"Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citations omitted). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co.*

---

[1] *See* ECF No. [18] (adopting R&R, denying temporary restraining order and preliminary injunctive relief, and dismissing case); ECF No. [20] (overruling Plaintiff's objections to the R&R).

*v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland*, 2016 WL 10930989, at *1 (citing *Stansell*, 771 F.3d at 746).

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Further, Federal Rule of Civil Procedure 60(b) sets forth the circumstances under which a litigant may obtain relief from judgment:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Upon review, even under the most expansive reading afforded to *pro se* litigants, the Motion fails to address any of the potential grounds for obtaining relief from judgment in this case. The Motion similarly invokes no legal theory or statute to justify such relief. Indeed, Plaintiff's Motion does little more than reassert the same previously unsuccessful arguments. *See Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 777 (11th Cir. 2018). These arguments, however, are Plaintiff's improper attempts to relitigate old matters. *See Baker*, 554 U.S. at 485 n.5; *Stansell*, 771 F.3d at 746; *In re Kellogg*, 197 F.3d at 1119; *Arthur*, 500 F.3d at 1343. The Court therefore finds that Plaintiff has failed to demonstrate any grounds that would warrant granting the requested relief from judgment here.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Relief from Judgment, **ECF No. [22]**, is **DENIED**.

Case No. 20-cv-20391-BLOOM/Reid

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 15, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Gaynett Powell
L07899
Northwest Florida Reception Center
Inmate Mail/Parcels
4455 Sam Mitchell Drive
Chipley, FL 32428